UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MARIE L. BANKS,

        Plaintiff,

    - against -

MTA NEW YORK CITY TRANSIT;
RAYMOND W. KARLIN,

        Defendants.
---------------------------------------------------------------X

MEMORANDUM
AND ORDER
14-CV-6669 (JG)(VMS)

JOHN GLEESON, United States District Judge:

        On November 12, 2014, plaintiff filed this *in forma pauperis* action *pro se* against the Metropolitan Transportation Authority ("MTA"), the transportation public benefit corporation which operates New York City buses, and Raymond Karlin, a private individual who is a human rights advocate. Plaintiff alleges that she was mistreated and insulted on a bus ride and Mr. Karlin refused to take her case against the bus company. She seeks three million dollars in damages. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed as set forth below.

        *Background*

        Ms. Banks alleges in her complaint that on an October 26, 2014 bus ride in Queens, New York, the driver insulted her for eating yuca on the bus, told other passengers to "smell [her]" and "harassed [her] because [she] burped from the gastric hernia hiatal." ECF No. 1 at 4, 6 (page numbers are assigned by the Court's electronic filing system). Ms. Banks wrote a letter to the MTA and sought representation for her claim against the driver from human rights

1

attorney, Mr. Raymond Karlin. He declined to take her case. Ms. Banks alleges that she was made uncomfortable by his questions about her household income and his statement that he was aware of a long record of "consumer assistance [she had] made at the MTA." *Id* at 6, 8.

*Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotations and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotations and citations omitted).

*Discussion*

The plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted). Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, ___ U.S.___, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

Plaintiff alleges that the jurisdiction of the Court is invoked pursuant to "attempt kidnapping for robbery of federal benefits program, harassment," ECF No. 1 at 1, yet the complaint deals solely with a single bus ride during which she was allegedly mistreated and plaintiff's attempts to obtain conciliation from the MTA. The Court may not exercise subject

3

matter jurisdiction over the complaint as presently stated. Even allowing the *pro se* complaint a liberal reading, there is a complete absence of facts suggesting the existence of a "colorable federal claim," *see Rene v. Citibank NA*, 32 F.Supp.2d 539, 542-43 (E.D.N.Y. 1999) (citing *Rodriguez by Rodriguez v. DeBuono*, 162 F.3d 56, 60 (2d Cir. 1998)); nor is there diversity jurisdiction since plaintiff and defendants are all residents of New York.

Therefore, the complaint against defendants must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant to its federal question or diversity jurisdiction. *Manway Constr. Co. Inc. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Whereas, ordinarily, the Court would allow plaintiff an opportunity to amend her pleading, *Cruz v. Gomez,* 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity, where, as here, it is clear from the face of the complaint that the Court does not have subject matter jurisdiction.

*Conclusion*

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses the instant *pro se* complaint because it lacks subject matter jurisdiction. Any state law claims that plaintiff may be seeking to raise are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
John Gleeson
U.S.D.J.

Dated: Brooklyn, New York
December 2, 2014